**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **TERRANCE HARDEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:25-cv-02171-GCS** |
| | ) | |
| **DENNIS LARSON,** | ) | |
| **and** | ) | |
| **GARY GERST,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On July 7, 2026, Defendants Larson and Gerst filed a motion for summary judgment for failure to exhaust administrative remedies and the required Federal Rule of Civil Procedure 56 notice. (Doc. 25, 26, 27). Plaintiff did not respond to the motion. Thus, the Court entered an Order ordering Plaintiff to file a response to the motion on or before September 9, 2026. (Doc. 28). The Order also warned Plaintiff that the failure to respond may result in the dismissal of this case with prejudice for failure to prosecute. Again, Plaintiff did not respond. Thereafter, the Court entered a Show Cause order directing Plaintiff to respond in writing why his case should not be dismissed for failure to prosecute. (Doc. 29). Plaintiff did not respond.

Federal Rule of Civil Procedure 41 provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. PROC. 41(b). In dismissing a case for lack of

prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (quoting *Johnson v. Chicago Bd. of Educ.*, 718 F.3d 731, 732-733 (7th Cir. 2013)). The Seventh Circuit has suggested that in addition to warning the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id.* (citing *Kruger v. Apfel*, 214 F.3d 784, 786-787 (7th Cir. 2000)).

Here, Plaintiff failed to follow Court Orders by failing to respond to the Court's Show Cause Order dated September 10, 2026, (Doc. 29), and the Court's Order dated August 19, 2026, ordering Plaintiff to respond to Defendants' motion for summary judgment. (Doc. 28). The Court has 176 cases on its docket, and if the Court permits this case to drag on further waiting for Plaintiff to respond, it will detrimentally impact the efficient and timely handling of its other cases. Accordingly, the Court **DISMISSES with prejudice** this action pursuant to Rule 41(b). *See* FED. R. CIV. PROC. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 5, 2026.**

Gilbert C. Sison

Digitally signed by Judge Sison
Date: 2026.10.05 11:13:51 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**